IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-211-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER AND MEMORANDUM |
| ARTIE RASHAUWN COLVIN, | ) AND RECOMMENDATION |
| | ) |
| Defendant. | ) |

This matter comes before the court for the purpose of (1) determining Defendant's competency pursuant to 18 U.S.C. § 4241 and (2) making a recommendation to the District Court pursuant to 28 U.S.C. § 636(B)(1)(B) on Defendant's Motion for Judgment of Not Guilty by Reason of Insanity [DE-26].

I.

By order dated August 31, 2015, Defendant was committed to the custody of the Attorney General for an evaluation to determine whether there is reasonable cause to believe that he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.[1] [DE-19]. Defendant has been evaluated, and a forensic evaluation has been prepared by Rebecca Barnette, Psy. D., a psychologist at the Federal Correctional Complex in Butner, North Carolina.

On January 12, 2016, a hearing was convened, in accordance with 18 U.S.C. § 4247(d), at which Defendant, together with his counsel, James Craven, and Assistant United States Attorney

---

[1] The court's order also directed Defendant be examined pursuant to 18 U.S.C. § 4242 to determine the existence of Defendant's insanity at the time of the offense. [DE-19].

Ethan Ontjes were present. Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who might have appeared at the hearing.

As indicated in the forensic evaluation, Defendant suffers from severe mental diseases or defects which render him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. Neither party objects to this conclusion. During the competency hearing, the government called Dr. Barnette, who testified to the findings contained in the evaluation and a recommended course of treatment for Defendant at a federal medical center consistent with 18 U.S.C. § 4241(d). Defendant called Jackie Thompson, RN and Stephen Chestnut, a vocational specialist and social worker, who testified as to Defendant's condition and a recommended course of treatment in a structured group home setting.

## II.

A.   Order on Defendant's Mental Competency

The court has carefully considered the forensic evaluation, the hearing testimony, together with the record in this case. At the conclusion of the hearing, the court determined by a preponderance of the evidence, that Defendant presently is suffering from a mental disease or defect rendering him incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

As for the release of Defendant having been found incompetent, Defendant urges that he be placed in a structured group home environment for treatment consistent with 18 U.S.C. § 4241(d), and has offered the court written materials and testimony outlining this release plan.

The government does not dispute that a structured environment is appropriate, but argues Defendant should be placed in a suitable facility as contemplated in § 4241(d), in particular the Federal Medical Center at Butner, North Carolina, where medical staff appears to be familiar with Defendant, having been involved in Defendant's forensic evaluation. Having carefully considered the hearing testimony, the materials provided by the parties, and the record of this case, the court finds that placement of Defendant into a federal medical center to be the better course to meet the requirements of § 4241(d). Such placement also satisfies this court's concerns regarding Defendant maintaining his prescribed medication and treatment regimen, and appears to provide for mitigation of the danger presented, as well as providing Defendant with a demonstrated level of care.

Accordingly, it is ORDERED that Defendant is committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility, for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit these proceedings to go forward. 18 U.S.C. § 4241(d)(1). It is recommended that the suitable facility as required by § 4241(d) be the Federal Medical Center-Butner. At the conclusion of that period of time, not to exceed four months, the mental health care provider conducting or overseeing Defendant's treatment shall prepare and submit to the court a written report, with copies provided to counsel for Defendant and the government, detailing his or her professional observations, conclusions and recommendation regarding whether there exists a substantial probability that in the foreseeable future Defendant will attain the capability to permit these proceedings to go forward. Upon receipt and consideration by the court and counsel for the parties of the four month

treatment report, the court will determine whether Defendant should remain hospitalized and receive treatment for an additional reasonable period of time until his mental condition is so improved that proceedings before the court can continue, or until the pending charges against Defendant are disposed of according to the law, whichever is earlier. *Id.* § 4241(d)(2).

    B.    Memorandum and Recommendation on Defendant's Motion for Judgment of Not Guilty by Reason of Insanity [DE-26].

The forensic evaluation of Defendant conducted pursuant to the court's August 31, 2015 order defers opinion on the issue of Defendant's insanity at the time of offense on the grounds that Defendant's legal sanity is relevant only if Defendant is found to be competent. The evaluation further suggests the issue be examined when Defendant is restored to competency. No evidence has been offered to this court regarding Defendant's insanity at the time of the offense. Accordingly, this court RECOMMENDS Defendant motion [DE-26] be DISMISSED WITHOUT PREJUDICE.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **January 27, 2016** to file written objections to the Memorandum and Recommendation ("M&R"). The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the M&R to which objection is properly made and may accept, reject, or modify the determination in the M&R; receive further evidence; or return the matter to the magistrate judge with instructions. *See e.g.*, 28 U.S.C. § 636(b)(1). Any response to the objections shall be filed within **14 days** of the filing of the objections.

If a party does not file written objections to the M&R by the foregoing deadline, the party will be giving up the right to review of the M&R by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the M&R without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the M&R. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

So ordered and submitted the 13th day of January 2016.

Robert B. Jones, Jr.
United States Magistrate Judge