IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-211-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| ARTIE RASHAUWN COLVIN, | ) |
| | ) |
| Defendant. | ) |

This matter came before the court on August 16, 2016 for the purpose of determining whether, following Defendant's medical treatment and evaluation pursuant to 18 U.S.C. § 4241(d)(1), Defendant had attained the mental capacity to permit the proceedings against to go forward. The court issues herein a written memorialization of its oral order issued in court. The court incorporates by reference the history of this case as set forth in its earlier order & memorandum, dated January 13, 2016, [DE-29], which it will not endeavor to repeat here.

I.

Pursuant to the court's order of January 13, 2016, a forensic evaluation of Defendant was performed at Federal Medical Center Butner by Forensic Psychologist Robin Watkins. Dr. Watkins then authored a report of her evaluation dated June 24, 2016, a copy of which has been filed with the court and reviewed by the parties in advance of the hearing. At the hearing the government was represented by Assistant United States Attorney Ethan Ontjes and Defendant, who was present in the courtroom, was represented by James Craven. Dr. Watkins testified at the hearing on behalf of the government. Mr. Larry Fitzpatrick of the Wake County Human Services, testified on behalf of Defendant.

According to Dr. Watkins' report and her testimony, Defendant remains incompetent to proceed at this time due to intellectual disability. Dr. Watkins opined further however that there is a substantial probability that Defendant's competency to stand trial may be improved with additional restorative efforts. Dr. Watkins described how restorative efforts were not fully implemented during Defendant's treatment due to his behavioral issues, which appeared to have been resolved toward the end of his evaluation period at FMC Butner. Accordingly, Dr. Watkins recommends that Defendant be committed for further evaluation and treatment to restore his competency. Dr. Watkins' testimony detailed her evaluation of Defendant and her recommended course of further treatment. Defendant through counsel did not contest Dr. Watkins' conclusion that Defendant remains incompetent to proceed and offered no evidence to the contrary.

The court has carefully considered Dr. Watson's report, the hearing testimony, together with the record in this case. At the conclusion of the hearing, the court found by a preponderance of the evidence that Defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature of the proceedings against him and to assist properly in his defense. The court finds there is a substantial probability that within an additional period of time Defendant will attain the capacity to permit the proceedings to go forward.

## II.

As for Defendant's placement for additional treatment, Defendant urges that he be placed into a group home. Mr. Fitzpatrick testified that Wake County Human Services has been appointed Defendant's guardian and provided further testimony on contemplated efforts to secure a group home placement for Defendant upon release. The government agues that a more

2

structured environment is appropriate and suitable under § 4241(d), and that Defendant should be returned to FMC Butner, where medical staff are familiar with him, having been involved in Defendant's evaluation and treatment thus far. The government also points out Defendant's behavior while at FMC Butner directed toward female staff and the nature of the underlying charge in this case. Defendant has failed to identify any specific group home that is currently prepared to accept him and the court is without an understanding of any conditions of Defendant's residence in a group home, all of which gives the court pause to release Defendant into such an environment. Morever, as the court noted, it appears that Defendant's acceptance into a group home and continued residence there remains at the discretion of the group home.

Having carefully considered the hearing testimony, the materials provided by the parties, and the record of this case, the court finds that placement of Defendant into a federal medical center to be the better course to meet the requirements of § 4241(d). As this court has observed previously, such placement satisfies this court's concerns regarding maintaining Defendant's medication and treatment regimen, mitigation of danger presented, as well as providing Defendant with a demonstrated level of care.

### III.

Accordingly, it is ORDERED that Defendant is committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility, pursuant to 18 U.S.C. § 4241(d)(2), for a reasonable period of time, not to exceed **three (3) months**, for administration of the necessary medical and psychiatric care and appropriate medication so that his medical condition may improve, the court having found that there is a substantial probability that within

3

such additional period of time and under proper care he will attain the capacity to permit the court proceedings to go forward.

IT IS FURTHER ORDERED:

1. That at the conclusion of the examination and prior to **November 17, 2016**, the mental health care provider conducting or overseeing Defendant's treatment shall prepare and submit to the court a written report pursuant to 18 U.S.C. § 4247(c), with copies provided to counsel for Defendant and the government. The report shall include the information set forth in 18 U.S.C. § 4247(c)(1), (2), (3), and (4)(A).

2 **The Court recommends that Defendant be designated for his § 4241(d) evaluation and treatment to the <u>Federal Medical Center Butner</u> so that they may receive him and resume his treatment in an expedited manner in light of the history of this case.**

3 In the event Defendant regains competency, the director of the FMC shall provide a certificate to the Clerk of Court pursuant to 18 U.S.C. § 4241(e). The court will then schedule a hearing to determine the competency of Defendant pursuant to the provisions of 18 U.S.C. § 4247. 18 U.S.C. § 4241(e).

So ordered the 18th day of August 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

4