IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:15-CR-211-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARTIE RASHAUWN COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Bureau of Prison's most recent psychiatric report regarding Defendant Artie Rashauwn Colvin ("Colvin"). [DE-43]. The medical staff at FMC Butner opines that Colvin is not competent to stand trial as a result of a psychotic disorder and intellectual disability and that he is not likely to be restored to competency in the foreseeable future. For the reasons that follow, the court adopts the findings in the most recent psychiatric report [DE-43] and finds that Colvin's condition is not so improved as to permit the proceedings to go forward. However, the court directs FMC Butner medical staff to evaluate whether Colvin meets the criteria for possible civil commitment under 18 U.S.C. § 4246.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 4, 2015, Colvin was charged by way of indictment with one count of assaulting an employee of the United States Postal Service in violation of 18 U.S.C. § 111(a)(1). [DE-1]. On August 31, 2015, pursuant to 18 U.S.C. §§ 4241 and 4242, the parties filed a joint motion for a psychiatric or psychological examination to determine if Colvin was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and

consequences of the proceedings against him or assist properly in his defense.[1] [DE-18]. By order dated August 31, 2015, the court committed Colvin to the custody of the Attorney General for a competency evaluation. [DE-19].

Thereafter, on December 11, 2015, the court received the initial psychiatric report in which FMC Butner medical staff opined that Colvin was not competent to proceed. [DE-25]. On January 13, 2016, after reviewing the initial report and conducting a hearing, the court entered an order finding that Colvin was not competent to proceed and committing him, pursuant to 18 U.S.C. §4241(d)(1), for further evaluation to determine whether there was substantial probability that he would regain competency in the foreseeable future. [DE-29].

Thereafter, in a report dated June 24, 2016, FMC Butner medical staff opined that Defendant was incompetent to proceed. [DE-33]. However, medical staff indicated that Defendant had been unable to participate in restoration efforts and that with additional treatment Defendant would likely achieve the level of competency required to proceed to trial. As such, medical staff recommended Colvin's commitment for further evaluation and treatment to restore his competency. The court ordered Defendant committed to the custody of the Attorney General for further treatment pursuant to 18 U.S.C. § 4241(d). [DE-41].

In the most recent psychiatric report, submitted January 25, 2017, FMC medical staff has opined that Defendant remains not competent to stand trial and that he is not likely to be restored to competency in the foreseeable future. [DE-43]. Following the submission of the January 25 report, the court held a status conference with the parties. [DE-45]. Neither party objected to the findings

---

[1] The joint motion for a psychiatric/psychological evaluation also sought, and the court ordered, a determination of Colvin's sanity at the time of the offense. [DE-18, -19]. However, the medical staff ultimately deferred that determination until after a finding of competency.

2

of the January 25 report on the issue of Colvin's incompetency nor did either party object to Colvin being committed for additional evaluation pursuant to 18 U.S.C. § 4246.

## II. DISCUSSION

The court adopts the findings from the January 25, 2017 psychiatric report [DE-43] and concludes that Colvin's condition is not so improved as to permit the proceedings to go forward at this time.[2] *See* 18 U.S.C. § 4241(d). Colvin is now subject to the provisions of § 4246, which provides a process for the civil commitment of presently dangerous defendants who are nearing the end of their commitment periods under other statutory provisions. *See* 18 U.S.C. § 4246(a); *see also* 18 U.S.C. § 4241(d) ("If, at the end of the time period specified [under § 4241(d)], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of [18 U.S.C. § 4246]."); *United States v. Crumpler*, No. 5:12-CR-173-F-1, 2013 WL 6843009, at *1-2 (E.D.N.C. Dec. 27, 2013) (unpublished).

In light of the nature of Colvin's charges, the seriousness of his symptoms, and his behavior as described in the January 25 psychiatric report, an evaluation for possible certification and civil commitment under § 4246 is warranted. Therefore, Colvin is committed for an additional forty-five (45) days to complete the initial § 4246 evaluation. *See* 18 U.S.C. § 4247(b) (providing for a "reasonable [commitment] period, but not to exceed forty-five days" for examination and preparation of an initial § 4246 report/certification). If the appropriate certification is received, a hearing will

---

[2] The court notes that while Colvin is not currently competent to proceed, the criminal charges remain pending unless or until the United States Attorney dismisses the indictment. *United States v. Ecker*, 78 F.3d 726, 728 (1st Cir. 1996) ("[T]here is nothing in [§ 4241]'s language that requires dismissal of a pending indictment.... Congress, we have little doubt, intended to leave the decision about the disposition of pending charges to the case-by-case discretion of the prosecutors.").

3

be scheduled to determine if Colvin should be civilly committed. *See* 18 U.S.C. § 4246(a).

### III. CONCLUSION

The Director of the Federal Medical Center at Butner is DIRECTED to evaluate whether Colvin meets the criteria for certification under 18 U.S.C. § 4246(a), and Colvin is COMMITTED for an additional forty-five (45) days for the initial § 4246 evaluation.

So ordered, the 31st day of January 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

4